# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2369

_____

United States of America

*Plaintiff - Appellant*

v.

Jerome Wesseh Koon, Jr.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: February 12, 2025
Filed: June 12, 2025

_____

Before LOKEN, BENTON, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

Jerome W. Koon Jr. moved to dismiss the indictment against him, asserting a speedy-trial violation of the Interstate Agreement on Detainers Act (IADA).  After an evidentiary hearing, the district court granted the motion to dismiss, without prejudice.  The government appeals.  Having jurisdiction under 18 U.S.C. § 3731, this court reverses and remands.

This court reviews de novo a district court's dismissal of an indictment under the IADA. *United States v. Dooley*, 580 F.3d 682, 685 (8th Cir. 2009). This court reviews the factual findings for clear error. *Id.*

While serving a sentence in state prison, Koon was indicted by a federal grand jury for a drug-trafficking conspiracy. The Drug Enforcement Agency (DEA) informed him of the federal charges by sending a detainer to Koon via his custodian—the North Dakota Department of Corrections and Rehabilitation (DOCR). Consistent with the IADA, the detainer said that Koon had a right to a speedy trial within 180 days after his written demand is "actually . . . delivered to the appropriate U.S. Attorney and the appropriate U.S. District Court." *See United States v. Mauro*, 436 U.S. 340, 362-63 (1978) ("Once the Federal Government lodges a detainer against a prisoner with state prison officials, the Agreement by its express terms becomes applicable and the United States must comply with its provisions."). Koon demanded a speedy trial. The detainer told DOCR to send his demand to the U.S. Attorney and the district court, and to return a copy to the DEA. The DOCR sent a copy to the DEA, but nothing to the district court or U.S. Attorney. Koon was not brought to trial within 180 days after his demand.

Koon argues that this violated his right to a speedy trial under the IADA. Under the IADA: "If a prisoner against whom a detainer has been lodged 'requests' a 'final disposition' of the relevant charges, he must be brought to trial within 180 days; otherwise, the relevant 'indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same.'" *United States v. Daily*, 488 F.3d 796, 801 (8th Cir. 2007), *quoting* **18 U.S.C. App. 2, § 2, art. III(d)**.

Koon contends the district court eventually found that the U.S. Attorney received "some notification" of the detainer two days after he signed it. But even if true, the district court also found that "no one disputes that the detainer was not delivered to the Court or United States Attorney's office." This finding, supported by substantial evidence, is not clearly erroneous. *See United States v. White*, 41

F.4th 1036, 1038 (8th Cir. 2022) (this court reverses a finding of fact "only if, despite evidence supporting the finding, the evidence as a whole leaves us with a definite and firm conviction that the finding is a mistake").

This fact dooms Koon's appeal because "the 180–day time period in Article III(a) of the IAD does not commence until the prisoner's request for final disposition of the charges against him has *actually been delivered to the court and prosecuting officer* of the jurisdiction that lodged the detainer against him." ***Fex v. Michigan***, 507 U.S. 43, 52 (1993) (emphasis added). *See* **18 U.S.C. App. 2, § 4** (defining "appropriate court" as the district court for IADA purposes).

Koon emphasizes that the non-delivery was not "attributable to" him. In *Daily*, the prisoner "fulfill[ed] his obligation under the IADA" but the custodian "failed to forward his request to the United States Attorney's office and the district court." ***Daily***, 488 F.3d at 801. This court held: "While this failure on the prison officials' part is unfortunate, it does not change the meaning of 'actually been delivered.'" ***Id.*** "[E]ven where a prisoner has made a good-faith effort to invoke his rights under the IADA, he is not entitled to relief unless adequate notice was actually received." ***Dooley***, 580 F.3d at 685. Despite Koon's good-faith effort, his detainer was not actually delivered and received.

Koon endorses the district court's theory of constructive delivery. The district court theorized that delivery to the DEA, as an agency of the "prosecuting state," was sufficient. The district court's theory ignores the plain language of the IADA: the IADA requires notice to the "prosecuting *officer*" or the "prosecuting *official*" – not to the "prosecuting *state.*" *See* **18 U.S.C. App. 2, § 2, art. III(a), (b), (d)**. In sum, *Fex*'s requirement of "actual delivery forecloses . . . constructive delivery." ***Daily***, 488 F.3d at 801. *See **United States v. Washington***, 596 F.3d 777, 781 (10th Cir. 2010) (holding that delivery to the United States Attorney's Office but not to the district court did not constitute delivery under the IADA); ***United States v. Brewington***, 512 F.3d 995, 997 (7th Cir. 2008) (same); ***United States v. Paredes-Barista***, 140 F.3d 367, 372–74 (2d Cir. 1998) (holding that delivery to the U.S.

-3-

Marshal did not constitute delivery under the IADA); *United States v. Collins*, 90 F.3d 1420, 1426 (9th Cir. 1996) (same); *United States v. White*, 185 Fed. Appx. 504, 507-09 (6th Cir. 2006) (unpublished) (holding that delivery to prison officials did not constitute delivery under the IADA). *Cf. United States v. Johnson*, 196 F.3d 1000, 1003 (9th Cir. 1999) (holding that delivery to the U.S. Marshal satisfied the IADA where the detainer erroneously instructed the prisoner to return the speedy trial demand to the Marshal), *abrogating United States v. Reed*, 910 F.2d 621 (9th Cir. 1990) (holding, pre-*Fex*, that a prisoner complied with his IADA obligation by signing Form USM-17 and giving it to jail officials).

As Koon stresses, DOCR's failure to send his request to the court and U.S. attorney—and the DEA's indifference or incompetence—violate the spirit of the IADA. *See* **18 U.S.C. App. 2, § 2, art. I** (stating the IADA's purpose for "expeditious and orderly disposition" of charges by "cooperative procedures"); **18 U.S.C. App. 2, § 5** (requiring all federal agencies to "cooperate with one another and with all party states" to effectuate the IADA purposes). These failures are "unfortunate" but do "not change the meaning of 'actually delivered.'" *Daily*, 488 F.3d at 801. "We are bound by the Supreme Court's holding in *Fex* that the 180-day period does not commence until the prosecutor and the district court actually receive notice." *Id.* Because the district court and U.S. Attorney did not actually receive notice of the demand, the IADA's 180-day period was not triggered. The district court erred by dismissing the indictment against Koon.

\* \* \* \* \* \* \*

The judgment is reversed, and the case remanded for proceedings consistent with this opinion.

———————————————